UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CARLOS HUGO VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-09-9 |
| | § | |
| UNION PACIFIC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

Plaintiff Carlos Hugo Valdez, a prisoner confined by the Texas Department of Criminal Justice—Correctional Institutions Division, brings what appears to be (at least in part) a civil rights action under 42 U.S.C. § 1983. (Dkt. No. 1.) Currently pending before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1996 (the "PLRA"). (Dkt. No. 2.) Because at least three of his previously-filed prisoner suits have been dismissed as either frivolous or malicious or for failure to state a claim, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's Application (Dkt. No. 2) be DENIED pursuant to 28 U.S.C. § 1915(g), and that this case be DISMISSED unless Plaintiff tenders the $350.00 civil action filing fee to the Clerk of Court within twenty (20) days of receiving this Recommendation.

Generally, 28 U.S.C. § 1915(g), the PLRA's "three-strikes" provision, bars a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals which were dismissed for being frivolous or malicious or for failure to state a claim. Jackson v. Johnson, 475 F3d. 261, 265 (5th Cir. 2007). There is, however, one statutory exception to the three-strikes provision where the prisoner shows that he was under "imminent danger of serious physical injury" at the time of the filing of the complaint. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

More than three of Plaintiff's previous civil actions, which he brought while confined as a prisoner, have been dismissed as frivolous or malicious or for failure to state a claim. See Valdez v. Fred Loya Insurance, et al., No. 4:08cv2353 (S.D. Tex., Houston, Aug. 26, 2008) (dismissed for failure to state a claim); Valdez v. Wells, 3:08cv946 (N.D. Tex., Dallas, Aug. 8, 2008) (dismissed for failure to state a claim); Valdez v. Irving Police Dept., et al., No. 4:08cv1139 (S.D. Tex., Houston, April 23, 2008) (dismissed as malicious); Valdez v. Medina, et al., No. 4:07cv1667 (S.D. Tex., Houston, May 25, 2007) (dismissed as frivolous and for failure to state a claim). In at least two other cases, Plaintiff's respective requests to proceed *in forma pauperis* have already been denied pursuant to

the three-strikes provision, and his civil rights complaints dismissed. See Valdez v. Pearson, et al., No. 4:08cv3602 (S.D. Tex., Houston, Jan. 16, 2009); Valdez v. Bush, et al., No. 3:08cv1481 (N.D. Tex., Dallas, Dec. 3, 2008).

Here, Plaintiff does not meet the "imminent danger" exception to § 1915(g). Randomly interspersed within the complaint, Plaintiff does mention that he is "under imminent danger having a serious physical injury," and also makes mention of his "broken teeth." (See Dkt. No. 1, pgs. 10, 18.) However, it is unclear from the complaint as to whom or what is the source of the imminent danger. It also appears from the context that any injury to which Plaintiff refers occurred well in the past, not when the complaint was filed. Plaintiff simply has not provided any facts sufficient to show that he was under an imminent threat of physical injury at the time he filed the complaint. See Banos, 144 F.3d at 884-85. His general, conclusory allegations are insufficient for purposes of the § 1915(g) exception. Alpine v. Long, 2007 WL 3132530, at *3 (E.D. Tex. Oct. 23, 2007); Ruston v. Dallas County, 2004 WL 2512232, at *1 (N.D. Tex. Nov. 5, 2004), *rec. adopted*, 2004 WL 2847834 (N.D. Tex. Dec. 9, 2004); Moxley v. Keeton, 2005 WL 1489925, at *2 (N.D. Tex. June 22, 2005).

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) be DENIED pursuant to 28 U.S.C. § 1915(g), and that this case be DISMISSED unless Plaintiff pays the full $350.00 civil action filing fee within twenty (20) days of receiving this Recommendation.

## Objections

The parties are on notice that they have ten (10) days from the date on which they are served with a copy of this Report and Recommendation to file specific written objections to the findings, conclusions, and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within ten days after being served with a copy shall bar an aggrieved party from *de novo* review by the District Judge of those proposed findings, conclusions, and recommendations. Id. Failure to file written objections within ten days after service shall also bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation to Plaintiff via certified mail, return receipt requested.

IT IS SO ORDERED.

SIGNED this 10th day of March, 2009.

_____
Diana Saldaña
United States Magistrate Judge